# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

YOMAREL JUSTINIANO,

        Plaintiff,

v.                                      Case No:   6:21-cv-875-GAP-LRH

CHAPTER 4 CORP. and
DELUXE DISTRIBUTION

        Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause comes before the Court after oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **S.F. DELUXE PRODUCTIONS, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(2) (Doc. No. 20)** |
| **FILED:** | **August 12, 2021** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.    BACKGROUND.

On May 19, 2021, Plaintiff Yomarel Justiniano filed a complaint against Defendants Chapter 4 Corp. d/b/a Supreme ("Chapter 4") and Deluxe Distribution

d/b/a DLX SF ("Deluxe")[1] (collectively "Defendants"), alleging jurisdiction based on the diversity of citizenship between the parties.   Doc. No. 1 (citing 28 U.S.C. § 1332).   Plaintiff, a citizen of the State of Florida, alleges that Chapter 4, a New York corporation, and Deluxe, a California corporation, conduct business in Florida through the sale of clothing online shipped to Orlando, including t-shirts with Plaintiff's picture on them.   *Id.* ¶¶ 1–3.   Plaintiff alleges that she did not authorize Defendants to use her image or likeness in any manner, in particular on the subject t-shirts, and that Defendants used her photograph and likeness for commercial and advertising purposes without her consent.   *Id.* ¶¶ 9–10.   *See also* Doc. No. 1-1 (copy of picture at issue).   Therefore, Plaintiff asserts claims against Defendants for violation of her right of publicity pursuant to Fla. Stat. § 540.08 (Count I); and invasion of privacy by appropriation in violation of Florida common law (Count II). Doc. No. 1, at 3–6.

Chapter 4 has answered the complaint and does not contest the jurisdiction of this Court over it.   Doc. No. 10.   However, Deluxe has filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), asserting that the Court lacks personal jurisdiction over Deluxe.   Doc. No. 20.   Plaintiff has

---

[1] In its motion to dismiss, Deluxe asserts that Plaintiff has incorrectly sued "Deluxe Distribution" and that the correct legal name of the entity is "S.F. Deluxe Productions, Inc." Doc. No. 20, at 1.

responded in opposition to Deluxe's motion.   Doc. No. 24.[2]   The motion to dismiss was referred to the undersigned.   Also on referral from the presiding District Judge, the undersigned held a preliminary pretrial conference, at which the parties provided oral argument regarding Deluxe's motion to dismiss.   *See* Doc. Nos. 28, 31–32.

Upon consideration of the parties' respective arguments, and for the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court **GRANT** Deluxe's motion to dismiss based on lack of personal jurisdiction.   *See* Doc. No. 20.

## II.   ANALYSIS.

### A.   *The Parties' Arguments*

The allegations of Plaintiff's complaint, in particular as it relates to jurisdiction, are sparse.   Doc. No. 1.[3]   Plaintiff alleges in relevant part, and in entirety as it relates to personal jurisdiction over Deluxe, as follows:

---

[2] Plaintiff originally filed its response on September 9, 2021, but the next day filed its amended response, without objection from Deluxe.   Doc. Nos. 23–24.   The undersigned has therefore only considered the amended response.

[3] Generally, at the motion to dismiss stage, courts must assume "that all the [factual] allegations in the complaint are true (even if doubtful in fact)."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).   However, when assessing personal jurisdiction, a "district court needs only accept the complaint's allegations as true to the extent that they are not directly controverted by the defendant's evidence."   *MPS Ent., LLC v. Headrush Apparel, Inc.*, No. 12-CIV-23364, 2013 WL 5446543, at *2 (S.D. Fla. Sept. 30, 2013) (citing *Cable/Home Comm'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990)).   Yet "where the evidence conflicts, the district court must construe all reasonable inferences in favor of the plaintiff."   *Kertesz v. Net Transactions, Ltd.*, 635 F. Supp. 2d 1339, 1344–45 (S.D. Fla. 2009) (citing *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247,

3. Defendant, [Deluxe], is a corporation incorporated under the laws of the State of California, with its principal place of business in California, that does business in Florida, including sales of clothing sold online that is shipped to Orlando.   Such sales include t-shirts with a picture of Ms. Justiniano's face on it.

4. This is a claim for damages in excess of Seventy-Five Thousand and 00/100 Dollars ($75,000.00). Ms. Justiniano is also seeking punitive damages from Defendants.

. . . .

6. Jurisdiction is proper in this Court under 28 U.S.C. § 1332.

Doc. No. 1 ¶¶ 3–4, 6.

In its motion to dismiss, as it relates to the alleging infringing t-shirts reflecting Plaintiff's photograph, Deluxe states that it merely executed the design of the t-shirt pursuant to Chapter 4's instructions.   Doc. No. 20, at 2.   Deluxe argues that it is a California company with its principal and only place of business in California, and that it has no presence in or connections with Florida, and thus it is not subject to general jurisdiction in Florida courts.   *Id.* at 2, 6–8.   Deluxe further contends that it is not subject to specific personal jurisdiction in Florida because it lacks any contact with Florida, it did not direct any actions toward Florida with regard to the t-shirts at issue, and Plaintiff has failed to demonstrate otherwise.   *Id.*

_____

1249 (11th Cir. 2000); *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 255 (11th Cir. 1996)).

Based on the these standards, I have rejected Plaintiff's contention made at the pretrial conference that the Court is required to consider only the allegations of the complaint, and no outside evidence, in resolving Deluxe's motion.

at 2–3, 8–10.   Finally, Deluxe argues that exercising jurisdiction over it would violate due process.   *Id.* at 10–15.   In support of its motion, Deluxe attaches the declaration of Kirk Dewald, Deluxe's Vice President and General Manager, who attests to the following facts pursuant to 28 U.S.C. § 1746:

- Deluxe is incorporated in California, with its principal place of business in San Francisco, and it has no other offices in the United States.

- Deluxe does not sell goods directly to consumers, except through one retail location in San Francisco that offers online ordering and curbside pickup.   Instead, Deluxe sells goods to skate distributors and shops throughout the United States, and the skate shops sell the goods directly to consumers.

- Deluxe operates a website:   dlxsf.com, but no goods are available for sale on this website.   The website does not target any advertisements or sales to Florida in any manner distinct from advertisement or promotion directed to all states, and which content is equally accessible through the United States and internationally.

- Deluxe does not have an agent for service of process in Florida, an office or place of business in Florida, any employees, telephone listings,

mailing addresses, bank accounts, or real estate in Florida, nor does Deluxe operate any retail stores in Florida.

- Revenue derived from skate shops and distributors in Florida constitutes only approximately 3% of Deluxe's annual sales.

- Deluxe distributes skateboards and related goods under several brand names, including the brand name "Antihero."

- Deluxe entered into an agreement with Chapter 4, by which Deluxe would provide graphic design services at Chapter 4's direction, "with the goal of creating a small capsule collection of apparel and skateboards bearing those graphic designs under the name 'Atmospheric Urine,' a near-amalgam of the letters in the brand names 'Antihero' and 'Supreme.'"

- Pursuant to their agreement, Chapter 4 provided Deluxe a photograph of Plaintiff, and directed Deluxe as to additional graphic elements to include with a finished design, with the intent that an altered image would be placed on a t-shirt.   Chapter 4 instructed Deluxe on the style and placement of the alterations, and Deluxe merely executed these instructions.   Deluxe did not select the image, and Deluxe was unaware of Plaintiff's identity as a Florida resident.

- Besides this lawsuit, Deluxe has had no contact or other interaction in any form with Plaintiff, nor did Deluxe undertake design of the t-shirt at issue in or with reference to Florida.

- Chapter 4 retained exclusive rights to sell and distribute goods created as a result of the agreement with Deluxe, including the t-shirts at issue in this lawsuit.

- Deluxe has never sold or distributed any goods to consumers connected to its collaboration with Chapter 4, including the goods at issue in this lawsuit, and Deluxe had no role in the sale or distribution of the allegedly infringing t-shirt.

- Deluxe has never used Plaintiff's image on its website, dlxsf.com.

- Litigating this matter in Florida would be burdensome to Deluxe because all relevant resources, evidence, and witness are located in California.

Doc. No. 20-1.   At the pretrial conference, counsel for Defendants maintained that there is no factual connection between the conduct of Deluxe and the State of Florida in this case, and there are no relevant actions by Deluxe in Florida demonstrating that personal jurisdiction exists.   *See* Doc. No. 32.[4]

---

[4] At the pretrial conference, counsel acknowledged that Deluxe does *some* business in Florida through other entities—but unrelated to the t-shirts at issue.   *See* Doc. No. 32. As stated in Mr. Dewalt's declaration, Deluxe's revenue derived from skate shops and

In response, Plaintiff argues that the Court may properly exercise jurisdiction over Deluxe under Florida's long arm statute, Fla. Stat. § 48.193(1)(a).   Doc. No. 24, at 9–14.[5]   Plaintiff contends that the Court has specific personal jurisdiction over Deluxe because Deluxe committed tortious acts in Florida through the unauthorized use of Plaintiff's image, including its design of the t-shirt featuring Plaintiff's photograph.   *Id.* at 1.   According to Plaintiff, this case arises from a joint venture and "contractual partnership" between Deluxe and Chapter 4, and Deluxe is subject to the Court's jurisdiction because it worked in concert with Chapter 4 in using Plaintiff's image without her consent.   *Id.* at 2–3, 14.   Plaintiff contends that

---

distributors in Florida constitutes only approximately 3% of Deluxe's annual sales.   Doc. No. 20-1 ¶ 11.   Plaintiff has not refuted this evidence.

[5] "Florida's long-arm statute provides two ways in which a defendant may be subject to the jurisdiction of the state's courts. First, a defendant is subject to *specific* personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida—for conduct specifically enumerated in the statute. Second, a defendant is subject to *general* personal jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida—if the defendant engages in substantial and not isolated activity in Florida." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018) (citations and quotation marks omitted) (emphasis in original).

Based on the filings in this case, it was initially unclear whether Plaintiff was asserting that the Court had specific personal jurisdiction over Deluxe, or whether Plaintiff was also claiming that the Court could exercise general personal jurisdiction over Deluxe. Moreover, at the pretrial conference, Plaintiff initially maintained that she sought general personal jurisdiction as an alternative to specific personal jurisdiction.   But later, Plaintiff changed course and asserted that she was solely asking the Court to exercise specific personal jurisdiction over Deluxe.   Thus, because Plaintiff abandoned any argument that the Court may exercise general personal jurisdiction over Deluxe, the undersigned does not further address general personal jurisdiction herein.

the law does not require a finding that Deluxe personally executed or otherwise coordinated the sale or distribution of the infringing product to be subject to this Court's jurisdiction.   *Id.* at 4, 7.   Finally, in one sentence in the conclusion of the response, without citation to any legal authority in support, Plaintiff also states:

> In the event this Court finds there is not enough support to assert specific or general jurisdiction over Deluxe, Plaintiff seeks leave to serve discovery on Deluxe and replead its Complaint.   The discovery would aid in determining jurisdiction because Plaintiff would seek information to substantiate the issues briefed herein including: the nature and scope of the service contract between Defendants; communication between Defendants; and Deluxe's profit from the infringing sales.

*Id.* at 14.   With her response to the motion to dismiss, Plaintiff submits the following:

- Exhibit A:   "Screenshots of Deluxe's Website Advertising its Antihero Brand"

- Exhibit B:   "Screenshots of Florida Store Locations," which appears to list store locations in Florida (and elsewhere) listed on Deluxe's website that sell Deluxe's products

- Exhibit C:   "Screenshots of Florida Promotional Material," which appears to include videos from individuals in Florida posted on Deluxe's website

- Exhibit D:   "Invoice of Infringing T-Shirt Purchased in and Shipped to Florida," which is an invoice for a "Supreme®/Antihero® ICE Tee," purchased by Plaintiff from "Supreme" and shipped to an unknown location[6]

*Id.* at 16–20.

B.   *Legal Standards*

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction.   The Court must undertake a two-step inquiry in determining whether it can exercise personal jurisdiction over a nonresident defendant.   *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990).   First, the Court must determine whether the forum state's long-arm statute provides a sufficient basis for personal jurisdiction.   *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996).   Second, if the Court finds that personal jurisdiction exists under Florida's long-arm statute, the Court "must determine whether sufficient minimum contacts exist between the defendant[] and the forum state so as to satisfy traditional notions of fair play and substantial justice

---

[6] At the pretrial conference, defense counsel clarified that the invoice shows a purchase from Supreme, which is Chapter 4, and Chapter 4 acknowledges that it sold the t-shirt to Plaintiff.   Again, Chapter 4 does not contest personal jurisdiction over it.

under the Due Process Clause of the Fourteenth Amendment."   *Id.* (citation and quotation marks omitted).

A plaintiff claiming that the Court has personal jurisdiction over a nonresident defendant bears the initial burden of alleging sufficient facts in the complaint to establish a prima facie case of personal jurisdiction over the defendant. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).   "A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict."   *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).   If the defendant challenges jurisdiction by submitting affidavits containing specific averments contradicting the plaintiff's allegations in support of personal jurisdiction, the burden shifts back to the plaintiff to produce evidence supporting the existence of personal jurisdiction.   *United Techs.*, 556 F.3d at 1274.   "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Meier*, 288 F.3d at 1269.

C.      *Florida's Long Arm Statute.*

Upon review of the complaint (Doc. No. 1), Plaintiff's response to the motion to dismiss (Doc. No. 24), and based on Plaintiff's representations at the pretrial conference (Doc. Nos. 31, 32), Plaintiff is alleging that Deluxe is subject to specific

personal jurisdiction under Fla. Stat. § 48.193(1)(a)(2).[7]   Section 48.193(1)(a)(2)

provides that:

> A person, whether or not a citizen or resident of this state, who
> personally or through an agent does any of the acts enumerated in this
> subsection thereby submits himself or herself and, if he or she is a
> natural person, his or her personal representative to the jurisdiction of
> the courts of this state for any cause of action arising from any of the
> following acts:
>
> . . .
>
> 2. Committing a tortious act within this state.

Fla. Stat. § 48.193(1)(a)(2).

"The law is not entirely settled as to the scope of this portion of the long-arm

statute."  *See Goforit Ent. LLC, v. Digimedia.com L.P.*, 513 F. Supp. 2d 1325, 1328–29

(M.D. Fla. 2007) (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215–17 (11th Cir.

---

[7] Deluxe does not argue that Plaintiff fails to allege sufficient facts in the complaint to establish a prima facie case of personal jurisdiction over it, but rather challenges personal jurisdiction via the evidence it has submitted.  *See* Doc. No. 20.  Thus, the undersigned presumes for purposes of this Report that the allegations in the complaint are sufficient.  However, as Deluxe argues, Doc. No. 20, at 4, Plaintiff does not identify in the complaint the specific statutory provision under Florida's long arm statute on which she bases her claim that the Court has specific personal jurisdiction over Deluxe.  *See* Doc. No. 1.  This is of no moment as "a plaintiff need not cite a state's long-arm statute in her complaint as a basis for jurisdiction, so long as the complaint alleges sufficient facts to support personal jurisdiction over the non-resident defendant."  *Wray v. Petersen*, No. 8:17-cv-2449-T-36CPT, 2018 WL 3719323, at *3 (M.D. Fla. July 17, 2018), *report and recommendation adopted*, No. 8:17-cv-2449-T-36CPT, 2018 WL 3707904 (M.D. Fla. Aug. 3, 2018) (citing *Gill v. Three Dimension Systems, Inc.*, 87 F. Supp. 2d 1278, 1284 (M.D. Fla. 2000)).  And upon review, it is clear from Plaintiff's filings and argument that she intends to proceed under Fla. Stat. § 48.193(1)(a)(2).

1999); *Nida Corp. v. Nida,* 118 F. Supp. 2d 1223, 1228 (M.D. Fla. 2000); *Casita, L.P. v. Maplewood Equity Partners L.P.,* 960 So. 2d 854 (Fla. 3d Dist. Ct. App. 2007)). [8] However, because the due process clause portion of the inquiry is dispositive of the personal jurisdiction issue, the undersigned will assume for purposes of this Report that the requirements of Section 48.193(1)(a)(2) have been satisfied.   *See id.* (finding due process analysis dispositive of personal jurisdiction issue and therefore assuming for purposes of the inquiry that the "tortious act" provision of Florida's long arm statute had been satisfied); *Identity Stronghold, LLC v. Zeidner*, No. 8:16-cv-0868-MSS-AAS, 2017 WL 11616431, at *18 (M.D. Fla. Mar. 27, 2017) (assuming the

---

[8] As recently explained by another Court in this District:

Florida's appellate courts "are deeply divided on the issue of whether a tortious act committed outside the state resulting in injury inside the state subjects the actor to jurisdiction in Florida under" Section (1)(a)(2) of Florida's long-arm statute.   *Posner*, 178 F.3d at 1216.   And the Florida Supreme Court has yet to address whether injury alone satisfies Section (1)(a)(2).   *See e.g. Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1206 n.6 (Fla. 2010) (declining to "decide the broader issue of whether injury alone satisfies the requirement of" Section (1)(a)(2) ).

In light of the division among Florida's appellate courts, the Eleventh Circuit has "consistently [ ] applied the broader construction of" Florida's long-arm statute and held that injury alone satisfies Section (1)(a)(2).   *Posner*, 178 F.3d at 1216; *see also Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) (holding that "the Florida long-arm statute permits jurisdiction over the nonresident defendant who commits a tort outside of the state that causes injury inside the state" (citation omitted)). Because the Florida Supreme Court has yet to resolve the conflict among the Florida appellate courts, the Court is bound by the Eleventh Circuit's holding in *Posner* and *Licciardello*.

*RG Golf Warehouse, Inc. v. Golf Warehouse, Inc.*, 362 F. Supp. 3d 1226, 1237 (M.D. Fla. 2019).

long arm statute was satisfied as to the respective defendant, finding that the due process clause was not, and thus, finding dismissal for lack of personal jurisdiction appropriate); *Instabook Corp. v. Instantpublisher.com*, 469 F. Supp. 2d 1120, 1124 (M.D. Fla. 2006) (presuming the long arm statute was satisfied upon discussion that it was unclear whether the plaintiff's allegations were sufficient to satisfy the "tortious conduct" provision, but finding that the due process inquiry was dispositive of the motion to dismiss for lack of personal jurisdiction). *See also MPS Ent., LLC v. Headrush Apparel, Inc.*, No. 12-CIV-23364, 2013 WL 5446543, at *6 (S.D. Fla. Sept. 30, 2013) ("Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant." (quoting *Madara,* 916 F.2d at 1514)).

A.    <u>Due Process</u>.

"Even where a defendant's conduct falls within the forum state's long-arm statute, the exercise of jurisdiction is not proper unless it comports with due process." *Goforit Ent. LLC*, 513 F. Supp. 2d at 1329.  The Eleventh Circuit has developed a three-part test to determine whether a defendant's contacts with the applicable forum are constitutionally minimum contacts:

> First, the contacts must be related to the plaintiff's cause of action or have given rise to it.  Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum . . ., thus invoking the benefits and protections of its laws.  Third, the defendant's contacts with the forum must be such that [the defendant] should reasonably anticipate

being haled into court there.

*Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993) (citations and quotation marks omitted).   *See also Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (stating three-part test as: "(1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice") (citations and quotation marks omitted).   "The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, 'a defendant must make a "compelling case" that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice.'"   *Louis Vuitton*, 736 F.3d at 1355 (quoting *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010)).

Here, Plaintiff fails to carry her burden on the first two factors.   As to the first factor, to determine whether Plaintiff's claims arise out of or relate to one of Deluxe's contacts with Florida, "[o]ur inquiry must focus on the direct causal relationship between the defendant, the forum, and the litigation."   *Id.* at 1355–56 (quoting *Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010)).   Indeed, "a tort 'arise[s] out of or relate[s] to' the defendant's activity in a state only if the activity is a 'but-

for' cause of the tort."   *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1314 (11th Cir. 2018) (quoting *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1222–23 (11th Cir. 2009)).

In the complaint, Plaintiff alleges only that Deluxe is a California corporation with its principal place of business in California, and that Deluxe "does business in Florida, including sales of clothing sold online that is shipped to Orlando," including the sale of the allegedly infringing t-shirt reflecting Plaintiff's picture. Doc. No. 1 ¶ 3.   However, in the motion to dismiss and evidence submitted therewith, Deluxe disputes this assertion, providing evidence that it has no contact with the State of Florida connected to this litigation.   Doc. Nos. 20, 20-1 (providing evidence by declaration that, among other things, that Deluxe does not have offices, employees, or property in Florida; does not operate retail stores in Florida; does not sell goods in Florida (or anywhere) from its website; does not sell directly to consumers in Florida; sells only to distributors and shops throughout the country which sell directly to consumers; derives only approximately 3% of its annual sales from Florida-based shops and distributors; does not target advertising to Florida; has never sold or distributed any of the allegedly infringing t-shirts; and has never used the infringing t-shirt on its website or elsewhere).   In response to the motion to dismiss, Plaintiff points to no evidence that would negate Deluxe's assertions or evidence.   Instead, Plaintiff's submissions merely demonstrate that there is a

website for Antihero skateboards (Doc. No. 24, at 16), that retail stores in Florida, throughout the country, and internationally carry Deluxe's products (*id.* at 17), that videos pertaining to persons and places in Florida are posted on Deluxe's website (*id.* at 18–19), and that Supreme (*i.e.*, Chapter 4) sold an allegedly infringing t-shirt to Plaintiff (*id.* at 20).

Thus, Plaintiff has failed to carry her burden of demonstrating that her claims arise out of or relate to Deluxe's contacts with the forum.   *See Bristol-Myers Squibb Co. v. Superior Ct. of Calif.*, 137 S. Ct. 1773, 1781-82 (2017) (specific jurisdiction not authorized if all of the conduct giving rise to the claims occurred elsewhere).   *See also Waite*, 901 F.3d at 1315 (plaintiffs did not establish that their claims arose out of or related to the defendant's contacts with Florida because none of the contacts were the but-for cause of the torts alleged); *CJS Sols. Grp., LLC v. Tokarz*, No. 3:20-cv-65-MMH-JRK, 2021 WL 848159, at *11 (M.D. Fla. Mar. 5, 2021) (even though Fla. Stat. § 48.193(1)(a)(2) was satisfied, there was no assertion or evidence on the plaintiff's tortious interference claim demonstrating that claim arose out of or related to the subject defendant's contacts with Florida because the alleged interference occurred in California).

As to the second factor, in intentional tort cases, there are two tests courts may employ for determining whether there is purposeful availment:   the traditional minimum contacts test, and the "effects test."   *See Louis Vuitton*, 736

F.3d at 1356–57.  "Under the minimum contacts test for purposeful availment, [the Court] assess[es] the nonresident defendant's contacts with the forum state and ask[s] whether those contacts: (1) are related to the plaintiff's cause of action; (2) involve some act by which the defendant purposefully availed himself of the privileges of doing business within the forum; and (3) are such that the defendant should reasonably anticipate being haled into court in the forum."  *Id.* at 1357 (citing *U.S. S.E.C. v. Carrillo,* 115 F.3d 1540, 1542 (11th Cir. 1997)).  "In performing this analysis, [the Court identifies] all contacts between a nonresident defendant and a forum state and ask[s] whether, individually or collectively, those contacts satisfy these criteria."  *Id.* (citing *King & Hatch, Inc. v. S. Pipe & Supply Co.,* 435 F.2d 43, 46 (5th Cir. 1970)).  However, under the "effects test," also applied in cases involving intentional torts (but unavailable in contract cases), "a nonresident defendant's single tortious act can establish purposeful availment, without regard to whether the defendant had any other contacts with the forum state."  *Id.* at 1356, 1357.  "This occurs when the tort: (1) [was] intentional; (2) [was] aimed at the forum state; and (3) caused harm that the defendant should have anticipated would be suffered in the forum state."  *Id.* at 1356 (citations and quotation marks omitted) (alterations in original).

As it relates to the minimum contacts test, as demonstrated by the declaration submitted by Deluxe, the acts for which Plaintiff seeks to hold Deluxe liable all

occurred outside of Florida, Deluxe's Florida contacts appear unrelated to Plaintiff's causes of action, and Plaintiff has not demonstrated that Deluxe purposefully directed any allegedly infringing conduct toward Florida.   *See* Doc. No. 20-1 (providing evidence by declaration that, among other things, that Deluxe does not have offices, employees, or property in Florida; does not operate retail stores in Florida; does not sell goods in Florida from its website; does not sell directly to consumers in Florida; derives only approximately 3% of its annual sales from Florida-based shops and distributors; does not target advertising to Florida; that its relationship with Chapter 4 and this litigation included only graphic design services by which Deluxe used a photograph provided by Chapter 4 to create the allegedly infringing design, Chapter 4 retaining exclusive rights to sell/distribute the t-shirts at issue; that that Deluxe has never used, sold, or distributed any of the allegedly infringing t-shirts).   Again, in response to the motion to dismiss, Plaintiff points to no evidence that would negate that submitted by Deluxe.   *See* Doc. No. 24. Indeed, "Plaintiff has not presented evidence supporting that Florida was a "predictable forum" for Deluxe, or that Deluxe directed its activities to this State. *See Turi v. Stacey*, No. 5:13-cv-248-Oc-22PRL, 2015 WL 403228, at *15 (M.D. Fla. Jan. 28, 2015) (finding no minimum contacts where defendants had no offices, employees, agencies, bank accounts, or property in Florida, had not met plaintiff in Florida, were not licensed to do business in Florida, did not have income from direct

Florida sales, did not target Florida residents through an advertising campaign, and did not pay taxes in Florida), *aff'd*, 627 F. App'x 904 (11th Cir. 2015); *Instabook Corp.*, 469 F. Supp. 2d at 1127 (finding lack of personal jurisdiction where plaintiff failed to establish the requisite minimum contacts based on the defendant's operation of an interactive website accessible in Florida and sales to only two Florida residents). Accordingly, Plaintiff has not established purposeful availment under the traditional minimum contacts test.

For similar reasons, Plaintiff has not established purposeful availment under the effects test.   Under the effects test, "the jurisdictional inquiry properly focuses on the *defendants'* relationship with the forum and the litigation."   *Env't Mfg. Sols., LLC v. Fluid Energy Grp., Ltd.*, No. 6:18-cv-156-Orl-40KRS, 2018 WL 6264836, at *4 (M.D. Fla. Nov. 30, 2018) (emphasis in original).   Here, Plaintiff points to no evidence connecting Deluxe to Florida in a "meaningful way," in particular by demonstrating that Deluxe committed its allegedly tortious conduct in Florida.   *See id.* (no purposeful availment under effects test in tortious interference case where the defendants did not contact any customers in Florida nor did any of their alleged tortious conduct occur in Florida; the plaintiffs only alleged that the defendants attended an arbitration in Florida and later reference a "Florida-derived legal document" in correspondence with customers and the EPA); *Buzz Pop Cocktails Corp. v. Booze Pops, LLC*, No. 8:19-cv-1840-MSS-TGW, 2020 WL 2838825, at *7 (M.D.

Fla. Apr. 22, 2020) (no purposeful availment under effects test where alleged injury was suffered in Florida as result of trademark infringement and the defendant solicited franchisees in Florida via a website because it failed to demonstrate that the defendant directed any tortious conduct at Florida).    And notably, under the effects test, merely alleging that plaintiff suffered an injury in the forum state is insufficient to satisfy the dictates of due process.   *See Walden v. Fiore*, 571 U.S. 277, 278 (2014).   *See also Buzz Pop Cocktails Corp.*, 2020 WL 2838825, at *7 (finding in trademark infringement case, and applying the effects test, that personal jurisdiction could not be premised solely on the injury that the plaintiff suffered in Florida as a result of the infringement); *Env't Mfg. Sols., LLC*, 2018 WL 3635112, at *9 (applying the effects test, and stating that "Plaintiffs rely entirely on the fact that Defendants allegedly committed intentional torts that they knew would harm Plaintiffs in Florida.   But . . . the proper question is not whether Plaintiffs experienced injury in Florida but whether Defendants' conduct connects them to Florida in a meaningful way.   Here, the only connection to Florida is that Defendants allegedly knew that their communications (apparently made from Canada) to Plaintiffs' customers (which are also not located in Florida) would injure Plaintiffs in Florida.   That is not enough. . . . ."), *report and recommendation adopted*, 2018 WL 6264836 (M.D. Fla. Nov. 30, 2018); *Syndaver Labs, Inc. v. Pecoraro*, No. 8:17-cv-1984-JSM-TGW, 2017 WL 10299465, at *3 (M.D. Fla. Dec. 20, 2017) (applying

*Walden* in determining that under the effects test, an argument that the defendant harmed a Florida resident was insufficient to establish personal jurisdiction).

Finally, in response to the motion to dismiss, Plaintiff appears to be arguing that because Chapter 4 is an agent of Deluxe, exercising personal jurisdiction over Deluxe is proper. *See* Doc. No. 24, at 1, 7, 14. This argument is unpersuasive. As an initial matter, Plaintiff has provided no evidence or legal authority demonstrating that an agency relationship between Deluxe and Chapter 4 exists, or that Deluxe is the principal thereof. *See id.* At most, Plaintiff has only demonstrated that the entities had a contractual relationship where Deluxe designed t-shirts that were later sold and distributed by Chapter 4. *See* Doc. Nos. 1, 20, 20-1, 24. *See also Hogan v. Provident Life & Acc. Ins. Co.*, 665 F. Supp. 2d 1273, 1284 (M.D. Fla. 2009) (setting forth the elements of actual and apparent agency under Florida law). Moreover, to the extent that Deluxe and Chapter 4 had a contractual relationship, Plaintiff has not demonstrated that any such contractual relationship alone is sufficient to confer personal jurisdiction over Deluxe. *See Walden*, 571 U.S. at 286 (citations omitted) ("[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction. . . . Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the

State."); *Gifford v. Thinking Outside, LLC*, 506 F. Supp. 2d 1104, 1108 (N.D. Fla. 2007) (finding personal jurisdiction lacking over pallet manufacturer because, although it entered into an agreement with a co-defendant to build the pallets, introduction of the pallets into Florida resulted solely from the unilateral activities of the co-defendant).   *See also Sompo Japan Nipponkoa Ins., Inc. v. CSX Transportation, Inc.*, No. 3:19-cv-1154-J-34PDB, 2020 WL 7074558, at *7 (M.D. Fla. Dec. 3, 2020) (citing cases to support the proposition that under the Florida long arm statute, "a non-resident corporation is not subject to personal jurisdiction simply because a related entity is present in Florida.").   In sum, simply alleging a relationship between Chapter 4 and Deluxe is not alone sufficient to confer this Court with personal jurisdiction over Deluxe.

Because Plaintiff has not carried her burden of demonstrating that exercising personal jurisdiction over Deluxe would comport with due process, it is respectfully recommended that the Court grant Deluxe's motion to dismiss for lack of personal jurisdiction (Doc. No. 20).[9]

---

[9] Deluxe also argues that subjecting it to personal jurisdiction in Florida would violate the notions of fair play and substantial justice because it is a California corporation; has no offices in Florida, played no role in selecting the photograph of Plaintiff at issue; and it would sustain a substantial burden of adjudicating a suit over two thousand miles away.   *See* Doc. No. 20, at 14–15.   Plaintiff does not refute these assertions, besides a general conclusion that because Deluxe has "systematic ties" to Florida, exercising personal jurisdiction over the entity would not offend the notion of fair play.   *See* Doc. No. 24, at 14.   Even assuming that Plaintiff had established the first two prongs of the analysis (*i.e.*, relatedness and purposeful availment), Deluxe has the better argument.   *See, e.g.,*

    *B.*    *Jurisdictional Discovery.*

As discussed above, in one sentence in the conclusion of the response to the motion to dismiss, without citation to any legal authority in support, Plaintiff also asks that, in the event the Court determines that Plaintiff has not provided sufficient support for jurisdiction over Deluxe, the Court permit her leave to serve discovery on Deluxe and replead her complaint.  *See* Doc. No. 24, at 14.  Upon consideration, I will respectfully recommend that the Court deny this request.

First, the request is procedurally defective because it is embedded in Plaintiff's response to the motion to dismiss, in one sentence at the conclusion of the filing, with citation to no legal authority in support.  *See MPS Ent., LLC*, 2013 WL 5446543, at *4 (finding request for jurisdictional discovery in response to a motion

---

*Turi*, 2015 WL 403228, at *15 (M.D. Fla. Jan. 28, 2015) (record citations and footnote omitted) ("The Court finds that the burden on Defendants to litigate in Florida would be substantial given that Defendants all reside in the United Kingdom.  In addition, all of the books and records associated with the Agreement are maintained in the United Kingdom, and the majority of the parties and all of the witnesses, except Plaintiff, reside there.  Considering the very few (if any) contacts Defendants have with the state, Florida's interest in the issue is quite limited.  Even though it would be more convenient for Plaintiff to obtain relief in Florida, this convenience is far outweighed by Defendants' burden to litigate here.  Thus, these factors weigh against a finding of jurisdiction over Defendants."), *aff'd*, 627 F. App'x 904 (11th Cir. 2015).  *See generally Louis Vuitton*, 736 F.3d at 1358 (stating that factors to be considered in fair play and substantial justice analysis include: "(1) "the burden on the defendant"; (2) "the forum's interest in adjudicating the dispute"; (3) "the plaintiff's interest in obtaining convenient and effective relief"; and (4) "the judicial system's interest in resolving the dispute." (quoting *Licciardello v. Lovelady*, 544 F.3d 1280, 1288 (11th Cir. 2008))).

to dismiss procedurally defective when the plaintiff failed to assert the request by separate motion). *See also Armington v. Dolgencorp. Inc.*, No. 3:07-cv-1130-J-JRK, 2009 WL 210723, at *2 (M.D. Fla. Jan. 20, 2009) ("It is not appropriate to seek an order for affirmative relief in a response to a motion.").

Second, discovery is open in this case, and has been open since at least September 20, 2021. *See* Doc. No. 27; Fed. R. Civ. P. 26(d)(1). As Plaintiff's counsel conceded at the pretrial conference, Plaintiff had conducted no discovery as of that date.[10] Thus, Plaintiff has not demonstrated that she was diligent in pursuing discovery, despite the opportunity to do so. *See Henriquez v. El Pais Q'Hubocali.com*, 500 F. App'x 824, 830 (11th Cir. 2012) (citations omitted) ("[T]he plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction. However, a district court does not abuse its discretion in dismissing the plaintiff's action for lack of personal jurisdiction, even before jurisdictional discovery occurs, when the plaintiff has not diligently pursued such discovery despite the opportunity to do so."); *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 661 (11th Cir. 2015) (citations omitted) ("[A] district court does not abuse its discretion in dismissing the plaintiff's action for lack

---

[10] Although Plaintiff's counsel referenced some confusion regarding discovery commencing after exchange of mandatory initial disclosures, counsel could point to no legal authority providing such limitation.

of personal jurisdiction,   even   before jurisdictional discovery occurs,   when   the plaintiff has not diligently pursued such discovery despite the opportunity to do so.   Here, the plaintiffs never served any discovery to RTC, never filed a motion for leave to conduct discovery, and did not even include a proposal for discovery in the Joint Preliminary Report and Discovery Plan.   Under these facts, we cannot say that   the   plaintiffs   acted   with   due   diligence   to   pursue discovery,   and further discovery on the jurisdictional issue was not warranted."); *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017) ("Mr. Wolf's general request for jurisdictional discovery—made over four months after filing his complaint and buried within his response to OCT's motion to dismiss—did not specify what information he sought or how that information would bolster his allegations.   The district court therefore did not improperly deny jurisdictional discovery.").[11]

Finally, even if the Court considered Plaintiff's request, Plaintiff has not sufficiently set forth what discovery she would seek that would bolster her contentions that the Court has personal jurisdiction over Deluxe in this case. Plaintiff states only in a conclusory fashion that she wishes to "substantiate" her allegations regarding "the nature and scope of the service contract between Defendants"; "communications between Defendants" and "Deluxe's profit from

---

[11] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

the infringing sales." *See* Doc. No. 24, at 14.   Without more, the undersigned is not persuaded that such discovery is warranted prior to dismissing Deluxe from this case.   *See Instabook Corp.*, 469 F. Supp. 2d at 1127.

## III.   RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court **GRANT** S.F. Deluxe Productions, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(2) (Doc. No. 20), and **DISMISS without prejudice** Deluxe as a Defendant for lack of personal jurisdiction.[12]

**NOTICE TO PARTIES**

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.   Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

---

[12] A dismissal for lack of personal jurisdiction is generally a dismissal without prejudice.   *See Posner*, 178 F.3d at 1221.

Recommended in Orlando, Florida on December 23, 2021.

**LESLIE R. HOFFMAN**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Presiding District Judge
Counsel of Record